## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

JORGE FERNANDEZ and 3:12-CV-00518-SDD-SCR
RENEE FERNANDEZ;
HUSBAND AND WIFE

VERSUS

TAMKO BUILDING PRODUCTS INC.

*****************************************************************************

## **REASONS AND ORDER**

Before the Court is the Plaintiffs' *Motion for Protective Order, Motion in Limine, and Motion to Strike Defense Witness* (Rec. Doc. 30).

### STATEMENT OF FACTS

Plaintiff, Jorge Fernandez, asserts claims against Defendant, Tamko Building Products, Inc. ("Tamko"), under the Louisiana Products Liability Act. The jurisdictional basis for Plaintiff's claims is 28 USC 1332. No federal cause of action is asserted.

At the deposition of the Plaintiff, Defendant Tamko asked questions regarding the Plaintiff's citizenship. The Plaintiff invoked his Fifth Amendment Right against self-incrimination under the United States Constitution. Thereafter, Tamko propounded *Requests for Admissions of Fact* to the Plaintiff seeking to establish that, at the time of the incident forming the basis of the Plaintiff's suit, the Plaintiff was an undocumented alien worker. In response to the Defendant's written discovery, Plaintiff filed the instant *Motion for Protective Order*. Additionally, Defendant has identified as a possible trial witness a "Representative of the U.S. Citizenship and Immigration Office". Plaintiff moves to strike the Defendant's

proposed witness and moves to limit any evidence of the Plaintiff's alien status and/or immigration status on both the issues of liability and damages.

**LAW AND ANALYSIS**

This case involves claims for relief under state law. No federal cause of action is asserted. Under *Erie*[1], a federal court sitting in diversity applies substantive law of the state.

Under federal discovery rules, all information relevant to the subject matter of the action is discoverable, unless privileged.[2] The Fifth Amendment of the U.S. Constitution provides a privilege against self-incrimination. A resident alien is a person within the meaning of the Fifth Amendment.[3] "The fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection."[4] Accordingly, the Plaintiff in this case is legally entitled to invoke his Fifth Amendment privileges against self-incrimination. If a party reasonably apprehends a risk of self-incrimination, he may claim the privilege even though no criminal charges are pending and even though the risk of criminal prosecution may be remote.[5] Consequently, Plaintiff's *Motion for Protective Order* will be granted.

Without addressing the Fifth Amendment's privilege against self-incrimination, Defendant argues, by relying on the *Hoffman*[6] case, that the Plaintiff's citizenship status is relevant to the wage claim asserted in the lawsuit. However, the *Hoffman* case does not stand for the proposition that the Plaintiff relinquishes his Fifth Amendment right against self-incrimination.

---

[1] *Erie Ry Co. v. Tompkins*, 304 US 64, 58 S.Ct. 817, 82 Lawyer's Edition 1188 (1938).
[2] F.R.C.P. 26.
[3] *U.S. v. Verdugo-Urquidez*, 494 U.S. 259 (1990).
[4] *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979); *citing Lefkowitz v. Cunningham*, 431 U.S. 801 (1977); *McCarthy v. Arndstein*, 266 U.S. 34 (1994).
[5] *In re Corrugated Container Anti-Trust Litigation*, 620 F.2d 1086, 1091 (5th Cir. 1980) (*citing In Re Folding Carton Antitrust Litigation*, 609 F.2d 867, 871 (7th Cir. 1979)).
[6] *Hoffman Plastic Compounds, Inc. v. National Labor Relations Board*, 535 U.S. 137 (2002).

In an apparent recognition of the Plaintiff's Fifth Amendment right against self-incrimination, Defendant identified a representative from the "Citizenship and Immigration Office", or similar government agency, as a trial witness; presumably to establish that the Plaintiff is an undocumented alien worker. Plaintiff argues that any such evidence should be excluded intending that: (1) the Defendant waived its defense, and/or (2) under F.R.C.P. 403 the prejudicial effect outweighs any probative value.

The Court finds that the *Hoffman* case is inapposite. *Hoffman* involved the Federal National Labor Relations Act, not state law. The Plaintiff's alien status does not prevent him from recovering tort damages under Louisiana law.[7] Simply stated, Louisiana law does not require citizenship or an alien work permit as a prerequisite for recovering damages (including wage loss). Thus, the *Hoffman* decision does not preclude an illegal immigrant from recovering tort damages brought under state law.

Nonetheless, the Plaintiff's alien status may be relevant in determining the nature and extent of the Plaintiff's future wage loss. Whether the Plaintiff would have continued to work in the United States or elsewhere would effect the extent of the damages suffered by the Plaintiff.

Accordingly, the Court concludes that the Plaintiff cannot be compelled to testify or respond to written discovery once his Fifth Amendment privilege against self-incrimination has been asserted. However, the Defendant is not precluded from establishing, through other means, the Plaintiff's immigration status. The Plaintiff's immigration status is relevant to the nature and extent of his wage loss claim. Whether the Defendant should receive the benefit of an adverse inference against the Plaintiff for invoking his Fifth Amendment right to remain

---

[7] *Rodriguez v. Integrity*, 09-1537 (La. App. 3rd Cir. 5/5/10), 38 So.3d 511.

silent will be deferred until the time of trial.

For the foregoing reasons,

**IT IS ORDERED** that the Plaintiffs' *Motion for Protective Order* be and is hereby GRANTED;

**IT IS FURTHER ORDERED** that the Plaintiffs' *Motion in Limine* to exclude evidence of the Plaintiff's immigration status be and is hereby DENIED; and

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to Strike a defense witness to testify regarding the Plaintiff's citizenship and/or immigration status by an appropriate governmental agency is DENIED.

Signed in Baton Rouge, Louisiana, on July 15, 2013.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**