UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JORGE FERNANDEZ, ET AL.

VERSUS

TAMKO BUILDING PRODUCTS INC.

CIVIL ACTION

NUMBER 12-518-SDD-SCR

**RULING ON PLAINTIFFS' MOTION TO COMPEL CORPORATE DEPOSITION**

Before the court is the Plaintiffs' Motion to Compel Defendant's 30(b)(6) Corporate Deposition and for Sanctions, Attorney Fees, and Costs. Record document number 31. The motion is opposed.[1]

On April 11, 2013 the plaintiffs took the corporate deposition of defendant TAMKO Building Products pursuant to Rule 30(b)(6), Fed.R.Civ.P., through its representative, Gerry Ross. In their motion, the plaintiffs seek leave to re-depose a corporate representative and an order for sanctions based on Ross's alleged failure to provide sufficient information regarding some topics listed in the deposition notice.[2] Plaintiffs argued that the defendant knowingly and intentionally refused to comply with its obligation to designate an appropriate corporate representative with knowledge of the identified deposition subjects, and failed to

---

[1] Record document numbers 35 and 36. Plaintiffs filed a reply brief. Record document number 40. Defendant filed a sur-reply. Record document number 45.

[2] Record document number 31, Plaintiff's Exhibit A.

timely file a protective order regarding any objectionable deposition subjects.  Plaintiffs asserted that the defendant's attorney frustrated the deposition by instructing the representative not to answer certain questions and subsequently failing to provide available dates for a continued deposition. Specifically, the plaintiffs noted the defendant's representative refused to answer any questions concerning item numbers 5 and 8 of the Notice, which sought information concerning the defendant's investigation into the plaintiffs' claims and the total gross annual revenues from the sales of 15 pound roofing underlayment/felt paper for the past 10 years.  Plaintiffs' also argued that the defendant could not answer, and its attorney improperly objected to, questions related to item number 9, which involved the cost of adding a warning or caution label to the product at issue.  Plaintiffs added that throughout the deposition the defendant's attorney made unwarranted objections to questions that were within the scope of the deposition subjects and that the defendant's representative lacked sufficient knowledge to answer some questions involving the deposition subjects.

Defendant first argued that the plaintiffs failed to comply with Rule 37's requirement that a party must certify that it made a good faith attempt to confer in an effort to resolve the discovery issues prior to taking court action.

The record shows that prior to filing this motion the

plaintiffs requested, via email, dates to depose another corporate representative.[3]  Although the plaintiffs did not file a separate Rule 37 certificate with their motion, the available information sufficiently demonstrates that the plaintiffs attempted to resolve the dispute prior to filing their motion, thereby satisfying the Rule 37 requirement.

With respect to the merits of the plaintiffs' motion, the defendant argued that its objections to item numbers 5 and 8 were warranted and made in good faith.  Defendant argued that the information requested in item number 5, involving its investigation into the plaintiffs' claims, was protected work product and subject to the attorney client privileges, and should be addressed though an expert report.  Defendant argued that the information requested in item number 8, which concerned the gross revenues from its sales of its 15 pound roofing paper, was not relevant to the issues presented in this case.  Defendant also asserted that its representative substantially and substantively responded to the areas of inquiry.  As to those subjects for he was allegedly not prepared, including information concerning warning labels on the 15 pound roofing paper and the related costs, the defendant offered to produce another representative to respond those questions.

A review of the deposition transcript shows that the corporate

---

[3] Record document number 40, Exhibit 1, email dated April 19, 2013.

representative was sufficiently knowledgeable on the subject matters identified in the notice and that defense counsel did not obstruct the deposition.  Defendant's objections to questions involving item numbers 5 and 8 were warranted.  Plaintiffs failed to demonstrate, either at the time of the deposition or in their motion, how the defendants's revenues from the roofing paper sales are relevant to the issues presented in this case.  Plaintiffs did not address the defendant's privilege challenges to the questions concerning item number 5.

With respect to the line of questioning which involved the defendant's concerns about the risk of its roofing paper failing to support a person walking on it over a steep pitched roof, the questions were answered to the best of the ability of the defendant's representative.[4]  The compound nature of the questions made them ambiguous and confusing, and some were premised on assumptions which had the effect of requiring the representative to give speculative responses rather than provide factual information.  The testimony obtained on this subject was sufficient and no further response is required.

To the extent the plaintiffs seek to re-depose a corporate representative regarding item numbers 9 and 10 of the deposition notice, the defendant admitted that its representative could not

---

[4] Record document number 31-5, Exhibit E, p. 112-113, 124-126. See also record document number 35-1, Exhibit 1 (identifying specific deposition pages).

provide the such information.  Defendant offered to produce another corporate representative to answer questions limited to these subjects.

Nonetheless, the defendant's willingness to provide additional information does not create an obligation under Rule 30(b)(6) to create such information for the plaintiffs' benefit.  To the extent the defendant had, prior to the accident, investigated changing the packaging of its 15 pound roofing paper and developed a plan to do so, that information should have been produced.  But the import of the representative's answers is that the defendant has no such information for the simple reason that it had no plans to change the packaging.[5]  Defendant was not required by Rule 30(b)(6) to determine the hypothetical cost to redesign the packaging just to provide that information to the plaintiffs.  Rather, both the plaintiffs and the defendant could, if they chose to do so, engage an expert to come up with a cost to redesign the defendant's packaging.  That would be the subject of expert discovery, not a corporate deposition under Rule 30(b((6).

All of the other issues raised and the arguments made in the plaintiffs' reply memorandum and the defendant's sur-reply memorandum have been considered.  None warrant a response from the court or discussion in this ruling.

---

[5] See record document number 31-5, deposition transcript pp. 151-52.

Plaintiffs sought an award for attorney's fees incurred in connection with its motion. Under Rule 37(a)(5)(B), if a motion for discovery is denied, the court must, after affording an opportunity to be heard, require the moving party or the attorney filing the motion to pay the opposing party's reasonable expenses incurred in opposing the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust. Plaintiff's motion was not substantially justified and no circumstances make an award of expenses unjust. Defendant did not submit anything to support an award of a particular amount of expenses. Consideration of the defendant's memoranda support finding that the amount of $450 is reasonable.

Accordingly, the Plaintiffs' Motion to Compel Defendant's 30(b)(6) Corporate Deposition and for Sanctions, Attorney Fees, and Costs is denied. Pursuant to Rule 37(a)(5)(B), the plaintiff shall pay to the defendant within 14 days its reasonable expenses in the amount of $450.

Baton Rouge, Louisiana, September 16, 2013.

*[signature: Stephen C. Riedlinger]*

    STEPHEN C. RIEDLINGER
    UNITED STATES MAGISTRATE JUDGE